UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MILO BEESON,<br><br>                      Petitioner,<br><br>v.<br><br>KEITH YORDY,<br><br>                      Respondent. | Case No. 1:15-cv-00121-REB<br><br>**ORDER OF DISMISSAL** |

Petitioner Milo Beeson, a prisoner in the custody of the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. Petitioner, the only party appearing in this action, has consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 4.)

On September 28, 2015, the Court reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and identified several problems in the Petition, including that the Petition appeared to be barred by the statute of limitations and that some of Petitioner's claims appeared to be noncognizable on federal habeas review. (*See* Initial Review Order, Dkt. 12.) The Court gave Petitioner an opportunity to supplement the Petition, which Petitioner has now done. (Dkt. 13.)

**ORDER OF DISMISSAL - 1**

Upon further review of the entire record, including Petitioner's Supplement, the Court concludes that Petitioner's claims are subject to summary dismissal.

**1.     Background**

As the Court noted in its Initial Review Order, Petitioner pleaded guilty in the Fourth Judicial District Court in Ada County, Idaho, to grand theft and first-degree murder, crimes that were committed on October 24, 1985. (Dkt. 12.) The judgment of conviction was entered on October 17, 1986. Petitioner received a sentence of life imprisonment with the possibility of parole after 20 years. Petitioner did not appeal his conviction or sentence. (Dkt. 1 at 1-2.) Petitioner did pursue state postconviction relief in September 2013, which was denied. (*Id*. at 3.)

In his federal Petition for Writ of Habeas Corpus, Petitioner initially asserted the following claims:

| | | |
|---|---|---|
| Claim 1: | | That Petitioner being held past his full-time release date. |
| Claim 2: | | That Petitioner is imprisoned in violation of the Ex Post Facto Clause. |
| Claim 3: | | That the plea agreement was breached. |
| Claim 4: | | That Petitioner is being tortured and therefore subject to cruel and unusual punishment. In this claim, Petitioner may also be alleging that his guilty plea was not knowing, intelligent, and voluntary. |
| Claim 5: | | That Petitioner's sentence has been illegally altered. |

(Dkt. 1 at 6-11, 15.)

**ORDER OF DISMISSAL - 2**

In Petitioner's Supplement, however, he clarifies that all of his claims (with the possible exception of Claim 4) are based on the September 19, 2013 decision by the Idaho Board of Correction denying Petitioner's request for good time credits. (Dkt. 13 at 3.) Although Idaho's prison system no longer allows good time credits, a prisoner who committed his crime "prior to July 1, 1986 [such as Petitioner], and confined in a penal or correctional institution for a definite term *other than for life*, whose record of conduct shows that he has faithfully observed all the rules and has not been subject to punishment is entitled" to good time credit. Idaho Code § 20-101A (emphasis added).

2.   **Discussion**

   A.   *Claim 4 Is Not Cognizable or Is Barred by the Statute of Limitations*

   To the extent Claim 4 alleges that Petitioner has recently been subjected to torture, the claim must be dismissed as noncognizable in this habeas proceeding. As the Court explained in its Initial Review Order (Dkt. 12), any such claim must be raised in a civil rights action under 42 U.S.C. § 1983.

   To the extent Claim 4 alleges that Petitioner's guilty plea was not knowing, intelligent, and voluntary because he was subjected to torture *at the time he entered the plea*, that claim is time-barred. Federal habeas petitions are subject to a one-year statute of limitations. Because Petitioner's conviction became final before the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) in April 1996, any habeas claims that were knowable at the time of Petitioner's conviction must have been filed in this Court by April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

**ORDER OF DISMISSAL - 3**

Petitioner has not established that he is entitled to statutory or equitable tolling sufficient to justify the nearly 28-year delay between the date his Petition was due and the date it was filed in this Court, nor has he established that he is actually innocent so as to avoid the statute of limitations bar. *See* 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013).

For the above reasons, Claim 4 is subject to dismissal as untimely or as noncognizable.

### B.     *Claims 1, 2, 3, and 5 Must Be Denied on the Merits*

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As Petitioner clarified in his Supplement, all of Petitioner's remaining claims involve the denial of good time credits. Taken in that light, Claim 1 appears to assert generally that Petitioner is entitled to the application of good time credits. Claim 2 asserts that the denial of Petitioner's request for good time credits, based on Idaho Code § 20-101A, constitutes an ex post facto violation because Petitioner was convicted before the Idaho legislature eliminated good time credits for future offenders. Claim 3 asserts that the plea agreement has been breached because such agreements must be interpreted consistently with the law in existence at the time the agreement is made, rather than with a later-enacted law. Claim 5, like Claim 1, appears to assert generally that Petitioner is entitled to good time credits.

**ORDER OF DISMISSAL - 4**

These claims are subject to dismissal on the merits because it is plain from the face of the Petition that Petitioner is not entitled to good time credits.[1] Petitioner received an indeterminate sentence of life imprisonment with the possibility of parole after 20 years. And inmates with an indeterminate life sentence—like Petitioner—are *not* entitled to good time credits under Idaho Code § 20-101A. *See id.* (providing for good time credits to inmates with a sentence "other than for life."). This Court has previously determined that Idaho prisoners with indeterminate life sentences—even if convicted before the revision of the good time statute—are not eligible for good time credits under Idaho's statutory scheme. *Emehiser v. Kempf*, Case No. CV-05-456-C-MHW, 2007 WL 793833, at *4 (D. Idaho Mar. 14, 2007) ("While Petitioner's conviction date fits within the time frame authorized by the statute for good time credit because his conviction occurred in 1982, the type of sentence he received, an indeterminate life sentence . . . does not.").

Because Petitioner is not entitled to good time credits under the Idaho statute because he received a life sentence, he has not stated a colorable due process, ex post facto, or other constitutional claim based on the denial of such credits.

## CONCLUSION

Claims 1, 2, 3, and 5, which are based on the denial of Petitioner's request for good time credits, fail on the merits. To the extent Claim 4 can be construed as alleging that Petitioner's guilty plea was invalid, it is time-barred. To the extent Claim 4 asserts

---

[1] For this reason, the Court need not address whether Claims 1, 2, 3, and 5 are time-barred.

**ORDER OF DISMISSAL - 5**

unconstitutional conditions of confinement, Petitioner must pursue any such claim in a civil rights action.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED. Claims 1, 2, 3, 5—as well as Claim 4 to the extent that claim asserts that Petitioner's guilty plea was invalid—are DISMISSED with prejudice. The remaining portion of Claim 4, which asserts torture in violation of the Eighth Amendment, is DISMISSED without prejudice to Petitioner's bringing the claim in a civil rights action under 42 U.S.C. § 1983.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **February 9, 2016**

Honorable Ronald E. Bush
United States Magistrate Judge

**ORDER OF DISMISSAL - 6**